60 F.3d 825
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Craig BURRIS, a/k/a Dexter Young, Defendant-Appellant.
 No. 94-5144.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 31, 1995.
Decided: July 7, 1995.
 
 Lourie A. Salley, III, Lexington, SC, for Appellant. J. Preston Strom, Jr., United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, SC, for Appellee.
 Before MURNAGHAN, WILKINSON, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Craig Burris appeals from his convictions and resulting sentences for: (1) knowingly making a false statement and furnishing false and misrepresented identification intended to deceive a licensed firearms dealer in connection with the acquisition of a firearm from a licensed dealer in violation of 18 U.S.C.A. Secs. 922(a)(6), 924(a)(1)(B), 924(a)(3) (West Supp.1995); and (2) knowingly possessing a firearm after having previously been convicted of a felony in violation of 18 U.S.C.A. Secs. 922(g)(1), 924(a)(2) (West Supp.1995). The district court sentenced him to thirty-three months imprisonment on each count to run concurrently with each other and the New York state sentence he was already serving.* Burris' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), analyzing key stages of the criminal proceedings but stating that, in his view, there are no meritorious issues for appeal. The court notified Burris of his right to file a supplemental pro se brief, but he has not done so.
 
 
 2
 As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal. Accordingly, we affirm Burris' convictions and sentences.
 
 
 3
 In July 1988, Burris approached Trent Vereen and asked him to purchase a firearm for him. Vereen accompanied Burris and Burris' partner, Wayne Hicks, to a store where firearms were sold. Once inside the store, Burris pointed to a gun and told Vereen that that was the gun he and Hicks wanted. Burris then furnished Vereen with the money for the gun. Vereen purchased the gun and filled out the necessary paperwork. Burris subsequently was caught with the weapon in
 
 
 4
 New York City, pled guilty to criminal possession of a weapon and in October 1988, was sentenced to one year imprisonment.
 
 
 5
 In July 1991, two officers observed Burris drive into a schoolyard in a red Dodge Shadow. The officers knew that Burris did not possess a driver's license and that his sister's boyfriend owned a red Dodge Shadow. The officers followed Burris into the schoolyard, approached him, and asked him for a driver's license. Because Burris did not possess a driver's license, the officers arrested him. Pursuant to the arrest, one of the officers searched the car and found a .38-caliber gun. The Government and Burris stipulated that in October 1988 Burris was convicted of a crime punishable by imprisonment in excess of one year within the meaning of 18 U.S.C.A. Secs. 922(g)(1), 921(a)(20) (West Supp.1995), and that it was unlawful for him to possess a firearm on or after that date.
 
 
 6
 Before trial, Burris sought a continuance so that he could go to his apartment to retrieve a letter allegedly written to him by the Bureau of Alcohol, Tobacco and Firearms, in which the authorities offered to return to him the firearm confiscated from his possession in July 1991. Burris claimed the letter would show that he was not under a disability when he was arrested and that he was entitled to possess the firearm.
 
 
 7
 Whether to grant a continuance is a matter committed to the sound discretion of the district court. United States v. Johnson, 732 F.2d 379, 381 (4th Cir.), cert. denied, 469 U.S. 1033 (1984). In this context, abuse of discretion has been defined as " 'unreasoning and arbitrary insistence on expeditiousness in the face of a justifiable request for delay.' " United States v. Bakker, 925 F.2d 728, 735 (4th Cir.1991) (quoting Morris v. Slappy, 461 U.S. 1, 11-12 (1983)). Burris has not established such an abuse of discretion.
 
 
 8
 As the district court found, the letter was of questionable relevance because the Government had a certified copy of Burris' felony conviction that was obtained prior to the date the weapon was seized from Burris' car. Furthermore, the court determined that Burris had the opportunity to obtain the letter by other means because his wife lived in the apartment where the letter allegedly was located. There fore, the trial court did not abuse its discretion by denying the motion for a continuance.
 
 
 9
 Burris also moved to suppress evidence of like acts under Fed.R.Evid. 404(b). Specifically, Burris moved to suppress evidence of two other "straw purchases" of firearms he made that were not named in the indictment. A straw purchase is where one individual purchases a firearm and executes the necessary paperwork when the true recipient of the firearm is another individual. The Government offered Steve Williams's testimony that on two prior occasions he purchased firearms for Burris that Burris chose and for which Burris paid.
 
 
 10
 This court reviews the district court's decision to admit the evidence under an abuse of discretion standard. Garraghty v. Jordan, 830 F.2d 1295, 1298 (4th Cir.1987). Under Fed.R.Evid. 404(b), evidence of other crimes, wrongs, or acts, is admissible for proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Here, evidence of Burris' prior involvement in "straw purchases" was relevant and necessary to show the common scheme involved and Burris' intent to commit the crime. Thus, the district court did not abuse its discretion by admitting the evidence.
 
 
 11
 Burris moved to suppress the .38-caliber handgun found in the center console of the car he was driving. He claimed that the search constituted an unreasonable search and seizure. This court reviews the legal conclusions in a suppression determination de novo and factual conclusions under the clearly erroneous standard. United States v. Rusher, 966 F.2d 868, 873 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S.1992).
 
 
 12
 When a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile because the articles within the passenger compartment are within the area an arrestee might reach in order to grab a weapon or an evidentiary item. New York v. Belton, 453 U.S. 454, 460 (1981). The police may also examine the contents of any containers found within the passenger compartment. Id. The district court's finding that Burris' arrest was lawful was proper because the officers knew from a previous incident that Burris did not possess a driver's license when they observed him driving an automobile. They asked to see Burris' driver's license, but Burris did not possess one. Furthermore, when the officers attempted to arrest him, Burris "struggled, and kind of jumped forward into the front seat of the car," as though he was reaching for something inside of the car. Because Burris' arrest was lawful, the contemporaneous search of the passenger compartment of the automobile, including the console, also was lawful. See Belton, 453 U.S. at 460.
 
 
 13
 Burris moved for a judgment of acquittal as to Count I, claiming that the Government failed to establish that any false statements were made by Burris in relation to the acquisition of the firearm. He contends that all the representations made to the firearms dealer were made by third parties, who were witnesses against him.
 
 
 14
 Denials of motions for acquittal are reviewed under a sufficiency of the evidence standard. United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S.1992). Furthermore, this court reviews sufficiency of the evidence deferentially, viewing the evidence in the light most favorable to the government and inquiring whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 15
 Vereen testified that Burris asked him to purchase a firearm for Burris because Burris did not have a driver's license and that he purchased a firearm for Burris that was chosen and paid for by Burris. Id. When construed in the light most favorable to the Government, this testimony that the firearm purchase was a direct purchase for Burris was sufficient evidence to deny the motion for an acquittal. Brooks, 957 F.2d at 1147.
 
 
 16
 Burris' attorney does not raise any error as to Burris' sentencing. Furthermore, Burris did not object to his presentence report or the sentence calculation. Therefore, the court adopted the statements of the presentence report as the findings of fact of the court for sentencing purposes. Burris has waived any objections in regard to his sen tencing absent plain error. United States v. Grubb, 11 F.3d 426, 440 (4th Cir.1993). No plain error is evident in this record.
 
 
 17
 This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 18
 Because the record discloses no reversible error, we affirm Burris' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Burris was sentenced in February 1994